

# The Attorney General of Texas

April 14, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 810
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John Wilson
Chairman
House Committee on Health
 and Welfare
State Capitol
Austin, Texas 78711

Opinion No. H-1154

Re: Meetings of a county child
welfare board.

Dear Mr. Wilson:

You have requested our opinion concerning the legality of certain closed meetings of the Montgomery County Child Welfare Board. You ask whether the Board may review case files of recipients of or applicants for public assistance without violating article 695c, section 33, V.T.C.S. You also ask whether the Board may meet in closed session to discuss such a case file.

Article 695a, section 4, V.T.C.S., provides for the creation of a child welfare board by a county commissioners' court and states that "it shall perform such duties as may be required of it by the said Commissioners' Court and the State Department of Public Welfare. . . ." The contract between the Montgomery County Commissioners' Court and the Department establishes the following duties for the Board among others:

1) To develop an estimated budget and recommend it to the Commissioners' Court.

2) To implement the policies of the Commissioners' Court not in conflict with those of the Department.

3) To review and approve expenditures on behalf of child welfare.

4) To approve the expenditure of local funds by the staff of the Department for purposes for which the Commissioners' Court has allocated funds.

The contract also provides that the Board will have access to all case records subject to applicable state laws concerning confidentiality.

Article 695c, section 33, provides in part:

> (1)   It shall be unlawful, except for purposes directly connected with the administration of general assistance, aid to dependent children, or social services programs, and in accordance with the rules and regulations of the State Department, for any person or persons to solicit, disclose, receive, make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of, any list of, or names of, or any information concerning, persons applying for or receiving such assistance, directly or indirectly derived from the records, papers, files, or communications of the State Department or subdivisions or agencies thereof, or acquired in the course of the performance of official duties.

It would seem beyond question that the review of case files by the Board is "directly connected with the administration of . . . assistance." Since the Board's access to these files is provided by a contract with the Department of Public Welfare, in our opinion the review of case files by the Board would not violate article 695c, section 33.

Your second question involves the application of article 6252-17, V.T.C.S., the Open Meetings Act.   Section 1(c) thereof defines "governmental body" to include "every deliberative body having rule-making or quasi-judicial power and classified as a department . . . of a county. . . ."   Article 695a, section 4, provides that a Commissioners' Court may appoint "a Child Welfare Board for the county." The members "hold office during the pleasure of the Commissioners' Court." The size of the Board is determined by the Commissioners' Court. These provisions, in conjunction with those of the contract reproduced above, indicate that the Board is a department of the County, notwithstanding the fact that it is also "an entity of the State Department of Public Welfare for the purposes of providing coordinated state and local public welfare services for children and their families. . . ." Thus whether the Board is a "governmental body" within the Open Meetings Act depends upon whether it is a "deliberative body having rule-making or quasi-judicial power. . . ."

In Attorney General Opinion H-467 (1974) we stated:

> Rule-making authority is legislative in nature and involves broad policy considerations.   (citations omitted).   An

administrative agency determining the rights of one or more parties under a general rule, regulation, ordinance, or statute is exercising a quasi-judicial power. (citations omitted).

We need not decide whether the approval of expenditures would be an exercise of a quasi-judicial power, for in our view the implementation of policies of the "Commissioners' Court not in conflict with the State Department of Public Welfare's policies" involves the exercise of rule-making authority. Thus in our opinion the Board is a governmental body under the Open Meetings Act.

Nevertheless, we believe the Board may meet in executive session for the limited purpose of discussing case files where an open meeting would result in a violation of section 33 of article 695c. A Colorado appellate court was faced with a similar question involving meetings of the Denver Inter-Agency Committee on Child Abuse. The Committee was subject to the provisions of The Colorado Public Meetings Law, but another statute prohibited disclosure of the contents of child abuse reports. The court concluded that the committee could meet in executive session to discuss child abuse reports. Gillies v. Schmidt, 556 P.2d 82 (Colo. Ct. App. 1976).

It is our view that Texas law compels the conclusion that such limited closed sessions are not "meetings" within article 6252-17, section 1, for the consideration of information made confidential by law does not constitute the discussion of "public business." Attorney General Opinions H-780 (1976), H-484 (1974).

### SUMMARY

The Montgomery County Child Welfare Board is a governmental body within the meaning of the Open Meetings Act but may meet in closed session for the limited purpose of discussing particular case files of persons receiving or applying for public assistance.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst